UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID G. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:15-cv-0071-WTL-WGH |
| | ) |
| JEFFERY SMITH, MARY RANKIN, | ) |
| ESTHER HINTON, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint
And Directing Further Proceedings**

**I. Screening**

Plaintiff David Taylor filed a civil rights action on March 10, 2015, alleging that his constitutional rights were violated by the defendants when they refused to provide medical treatment for his hepatitis C while he was an inmate at the Wabash Valley Correctional Facility.

Because Mr. Taylor is a "prisoner" as defined by 28 U.S.C. § 1915(h) this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Taylor

are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Mr. Taylor brings civil rights claims against the following defendants: 1) Jeffery Smith, M.D.; 2) Mary Rankin; and, 3) Esther Hinton;.

Mr. Taylor's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, Mr. Taylor alleges violations of his rights under the Eighth Amendment for deliberate indifference to a serious medical need. He seeks monetary and injunctive relief.

## II. Claims that May Proceed

Mr. Taylor suffers from hepatitis C. He alleges that when he tested positive for methamphetamines, the defendants terminated the medical care he was receiving to treat this condition. As a result of the termination of treatment, he is suffering from chronic fatigue, joint pain, muscle aches, as well as liver damage. Mr. Taylor's Eighth Amendment claim for deliberate indifference to a serious medical need against defendants Smith, Rankin and Hinton **may proceed**.

### III. Further Proceedings

The case shall proceed as to the deliberate indifference to a serious medical need claim asserted against Smith, Rankin and Hinton.

The clerk is designated pursuant to Fed. R. Civ. P. 4(c)(3) to issue and serve process on defendants Smith, Rankin and Hinton in the manner specified by Fed. R. Civ. P. 4(d)(1). Process shall consist of the complaint (dkt. 1), applicabl

**IT IS SO ORDERED**.

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 5/7/15

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

David G. Taylor, #31700
Wabash Valley Correctional
Facility - Electronic Service
Participant


Dr. Jeffery Smith
c/o Indiana Department of Correction
302 West Washington Street
Indianapolis, Indiana 46204

Mary Rankin
Health Care Administrator
6908 South Old U.S. Highway 41
Carlisle, Indiana 47838

Esther Hinton
c/o Indiana Department of Correction
302 West Washington Street
Indianapolis, Indiana 46204