# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID G. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:15-cv-0071-WTL-WGH |
| | ) |
| JEFFERY SMITH, MARY RANKIN, | ) |
| ESTHER HINTON, | ) |
| | ) |
| Defendants. | ) |

**Entry Denying Motion for Preliminary Injunction**

Plaintiff, David Taylor, asks this Court to grant his motion for preliminary injunction requiring the medical staff at the Wabash Valley Correctional Facility to provide medical treatment for his hepatitis C. In his complaint, Mr. Taylor alleged that prison officials violated his Eighth Amendment rights when they were deliberately indifferent to a serious medical need. For the reasons set forth below, the Court **denies** Mr. Taylor's motion for a preliminary injunction.

## I. Background

Mr. Taylor alleges that the defendants discontinued treatment for his hepatitis C infection in December of 2013 after he tested positive for the use of methamphetamines.[1] He states that he has not used methamphetamines or any other unauthorized substances since that time, and the discontinuation of his treatment for hepatitis C has had an adverse effect on his health, causing an increase in his viral load, fatigue, poor stamina, inability to concentrate, join pain, muscle aches, chronic itching, digestive problems, persistent headaches and damage to his liver. In his motion for preliminary injunction, Mr. Taylor alleges that he will "continue to suffer immediate and

---

[1] Mr. Taylor attached a directive for the management of hepatitis C by the Indiana Department of Correction to his complaint. The directive indicates that "recent substance or alcohol use during incarceration" is an "absolute contraindication to antiviral therapy." [dkt. 1, at pg. 4].

irreparable harm in the nature of total liver failure and ultimately death" if the defendants do not resume his treatment for hepatitis C. [dkt. 19, at pg. 2]. Defendant Rankin has filed an answer to the complaint, while a motion to dismiss filed by defendant Hinton is pending. Both defendant Rankin and Hinton responded to the motion for preliminary injunction.

Inmates at the Indiana Department of Correction with chronic hepatitis are seen in the Chronic Care Clinic ("Clinic") where they are regularly evaluated and undergo laboratory testing to monitor their condition. [dkt. 23, Ex. A-2]. These evaluations include testing to determine liver enzyme elevations and other measurements, which can fluctuate dramatically in hepatitis patients. [dkt. 23, Ex. A, ¶ 12]. Based on the results of this testing, inmates are prioritized for treatment based upon the advancement of hepatic fibrosis, or cirrhosis, whether the patient is a liver transplant recipient or has a HIV co-infection, or whether the patient has a comorbid medical condition associated with hepatitis, such as certain types of lymphomas. [dkt. 23, Ex. A, ¶ 13].

Mr. Taylor has hepatitis C and has been a patient at the Clinic since December of 2013. His treatment was discontinued when he tested positive for methamphetamine. [dkt. 23, Ex. A, ¶ 16]. As a patient at the Clinic, Mr. Taylor's condition is regularly monitored and evaluated and his results do not indicate significant fibrosis for prioritization for treatment. [dkt. 23, Ex. A, ¶ 16]. Mr. Taylor was seen in the Clinic on March 5, 2015, and May 22, 2015, and which time he denied having any abdominal pain, bloating, edema, easy bruising/bleeding, change in bowel habits, melena, hematochezia, rectal bleeding, jaundice, weight loss, or night sweats. [dkt. 23, Ex. A, ¶ 14]. Plaintiff's alleged complaints of "chronic fatigue, poor stamina, inability to concentrate, joint pain, muscle aches, chronic itching, digestive problems, and persistent headaches," [dkt. 1, p. 6], are not indicative of a life-threatening situation, are nonspecific, and are not likely related to his hepatitis infection. [dkt. 23, Ex. A, ¶ 15]. There is also no indication in his medical record that Mr.

Taylor relayed these generalized complaints during his latest Clinic appointments. [dkt. 23, Ex. A, ¶ 15].

Mr. Taylor is on a watch list for treatment. [dkt. 23, Ex. A, ¶ 17]. However, there is nothing in this medical records, including recent laboratory testing and evaluations to indicate a serious risk to his health exists if he does not receive immediate treatment. [dkt. 23, Ex. A, ¶ 17]. Hepatitis is a slow progressing disease, and his not receiving treatment at this time will have no significant effect on his infection or his overall health. [dkt. 23, Ex. A, ¶ 20].

## II. Preliminary Injunction Standard

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). There are four requirements a movant must establish to be entitled to a preliminary injunction: (a) likely of success on the merits; (b) irreparable harm in the absence of preliminary relief; (c) the balance of equities tips in the movants favor; and, (d) that an injunction is in the public interest. *Winter v. NRDC, Inc*., 129 S. Ct. 365, 374 (2008). The "movant has the burden to show that all four factors . . . weigh in favor of the injunction." *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1292 (D.C.Cir. 2009). "If the court determines that the moving party has failed to demonstrate any one of these [ ] threshold requirements, it must deny the injunction." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008).

## III. Discussion

Mr. Taylor has failed to establish his right to injunctive relief. Mr. Taylor has not shown that he is likely to succeed on the merits of his claims or that he will suffer irreparable harm if immediate relief is not granted.

A. *Likelihood of Success on the Merits*

The defendants argue that Mr. Taylor is not entitled to a preliminary injunction because he has not shown a likelihood of success on the merits of his claim. Mr. Taylor's claim is brought pursuant to 42 U.S.C. § 1983. To state a valid Eighth Amendment claim for inadequate medical care, Mr. Taylor must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976). A deliberate indifference claim is comprised of two elements: one objective and one subjective. *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). The defendants do not dispute that Mr. Taylor suffers from a serious medical condition.

Mr. Taylor wants medical treatment that he is not receiving. A dispute about his proper course of treatment does not state a claim of deliberate indifference. "Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. She is **not entitled** to the **best care** possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her. The defendants have taken those measures." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Mr. Taylor "is not entitled to demand specific care." *Id*. Here, the defendants have taken proper measures to meet a substantial risk of serious harm to Mr. Taylor's health. More specifically, the defendants are aware of Mr. Taylor's condition as he has been seen in the Clinic since 2013. [dkt. 23, Ex. A, ¶ 16]. As a patient at the Clinic, Mr. Taylor's condition is regularly monitored and evaluated and his results do not indicate significant fibrosis for prioritization for treatment. [dkt. 23, Ex. A, ¶ 16]. Mr. Taylor was seen in the Clinic on March 5, 2015, and May 22, 2015, at which time he denied having any abdominal pain, bloating, edema, easy bruising/bleeding, change in bowel habits, melena, hematochezia, rectal bleeding, jaundice, weight

loss, or night sweats. [dkt. 23, Ex. A, ¶ 14; Ex. A-1, pp. 23-26, 29-32]. Plaintiff's alleged complaints of "chronic fatigue, poor stamina, inability to concentrate, joint pain, muscle aches, chronic itching, digestive problems, and persistent headaches," [dkt. 1, p. 6], are not indicative of a life-threatening situation, are nonspecific, and are not likely related to his hepatitis infection. [dkt. 23, Ex. A, ¶ 15]. Nor is there any indication in his medical record that Mr. Taylor relayed these generalized complaints during his latest Clinic appointments. [dkt. 23, Ex. A, ¶ 15].

Mr. Taylor is on a watch list for treatment. [dkt. 23, Ex. A, ¶ 17]. However, there is nothing in this medical records, including recent laboratory testing and evaluations to indicate a serious risk to his health exists if he does not receive immediate treatment. [dkt. 23, Ex. A, ¶ 17].

Because the defendants are aware of and monitoring Mr. Taylor's disease, he has not shown that he is likely to succeed on the merits of the claim by showing the defendants are consciously disregarding the risk that this disease poses to his health.

### B. Irreparable Harm

"Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for.... [T]he injury must be of a particular nature, so that compensation in money cannot atone for it." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 196 (7th Cir. 1997). Here, defendants argue that Mr. Taylor cannot show an actual injury or imminent irreparable injury because the medical records show that he is not facing an immediate risk to his health from the lack of treatment for the hepatitis. Mr. Taylor has not presented any evidence to rebut this showing. The Court agrees that Mr. Taylor's health is not at immediate risk due to not receiving treatment for hepatitis.

### C. Balance of Harms

Because Mr. Taylor seeks injunctive relief, he has the burden of proving by a clear showing that a balancing of the equities falls in his favor. *Mazurek* 520 U.S. at 972. Mr. Taylor states that

the equities fall in his favor because he alleges that if he continues not receiving treatment for his disease, he will suffer immediate and irreparable harm in the nature of total liver failure and ultimately death. However, the facts simply do not bear this out. Mr. Taylor is a patient in the Clinic where his condition is being monitored and evaluated on a regular basis. At this time, Mr. Taylor's test results did not support a conclusion that he needs immediate treatment for hepatitis. [dkt. 23, Ex. A, ¶ 17].

### D. Public Interest

Mr. Taylor does not address this factor. The defendants argue that the public interest is in their favor to the extent that prisons should be given deference as to the day to day maintenance and medical care of the inmates. The Court agrees that the defendants should be accorded deference at this time to provide the most appropriate medical treatment for Mr. Taylor's disease. The Seventh Circuit has previously stated that, ". . . federal courts are most reluctant to interfere with the internal administration of state prisons because they are less qualified to do so than prison authorities." *See Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir.1997). As the Supreme Court has stated:

> The problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. 'Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgments in such matters.'

*See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979) (quoting *Pell v. Procunier*, 417 U.S. 817, 827) (citations and footnotes omitted). A prison medical professional's "treatment decisions will be accorded deference unless no minimally competent professional would have so responded

under those circumstances." *Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008)(internal quotations omitted).

### IV. Conclusion

For the foregoing reasons, Mr. Taylor has not shown he is entitled to injunctive relief. Accordingly, his motion for a preliminary injunction [dkt. 19] is **denied**.

**IT IS SO ORDERED.**

Date: August 13, 2015

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

David G. Taylor, #31700
Wabash Valley Correction Facility
Electronic Service Participant
Court Only

Electronically registered counsel.